UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EBONE LEROY EAST, | CASE NO. 1:10-cv-02174-LJO-MJS (PC) |
| Plaintiff, | ORDER REVOKING PLAINTIFF'S IN FORMA PAUPERIS STATUS AND REQUIRING PAYMENT OF FILING FEE |
| v. | |
| TIGERT, | (EFC NO. 4) |
| Defendant. | FILING FEE DUE WITHIN THIRTY (30) DAYS |

_____/

I.  **PROCEDURAL HISTORY**

Ebone LeRoy East ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action filed on November 22, 2010, pursuant to 42 U.S.C. § 1983. The action is proceeding on Plaintiff's Complaint against Defendant Tigert, a registered dental assistant at the California Correctional Institution, Tehachapi, California, in her individual capacity, for alleged

-1-

violations of Plaintiff's rights under the First, Eighth and Fourteenth Amendments. Plaintiff seeks monetary relief.

Plaintiff was granted in forma pauperis status on November 24, 2010.

## II. THREE STRIKES

A review of the record of actions and appeals filed by Plaintiff in the United States District Court reveals that Plaintiff has filed three or more actions and appeals that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. These dismissals are final.

Section 1915 of Title 28 of the United States Code governs proceedings in forma pauperis. Section 1915(g) provides that:

> [I]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.[1]

Determining whether a dismissal counts as strike under Section 1915(g) requires the Court to conduct a "careful examination of the order dismissing an action, and other relevant information," to determine if, in fact, "the action was dismissed because it was frivolous, malicious or failed to state a claim." Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2005).

---

[1] A district court's dismissal of a case does not count as a "strike" under Section 1915(g) until the litigant has exhausted or waived his opportunity to appeal. This means that a dismissal ripens into a "strike" for Section 1915(g) purposes on "the date of the Supreme Court's denial or dismissal of a petition for writ of certiorari, if the prisoner filed one, or from the date when the [90 day period] to file a petition for writ of certiorari expired, if he did not." Silva v. Di Vitorrio, 658 F.3d 1090, 1099 (9th Cir. 2011), citing to Hafed v. Fed. Bureau of Prisons, 635 F.3d 1172, 1176 (10th Cir. 2011). If no direct appeal is filed, a district court's dismissal counts as a strike from the date the time to file a direct appeal expires. Hafed 635 F.3d at 1175. Federal Rules of Appellate Procedure Rule 4, 28 U.S.C.A.

The Court takes judicial notice that Plaintiff had the following four actions dismissed under Heck v. Humphrey, 512 U.S. 477 (1994) for failure to state a cognizable claim under Section 1983.[2]   The Court has examined these dismissals and finds each dismissal to be a strike under 28 U.S.C. § 1915(g):

1. East v. Gidcumb, 5:09-cv-01105-UA-E (PC) (C.D. Cal.), dismissed June 17, 2009, for failure to state a claim under Heck.

2. East v. Pace, 5:09-cv-01810-UA-E (PC) (C.D. Cal.), dismissed October 1, 2009, for failure to state a claim under Heck.

3. East v. San Bernardino County, 5:09-cv-02224-UA-E (PC) (C.D. Cal.), dismissed December 11, 2009, for failure to state a claim under Heck.

4. East v. Hoops, 5:10-cv-00949-UA-E (PC) (C.D. Cal.), dismissed July 8, 2010, for failure to state a claim under Heck and as duplicative.[3]

Section 1915(e)(2) also requires appellate courts to dismiss all frivolous appeals. See O'Neal v. Price, 531 F.3d 1146, 1153 (9th Cir. 2008); Thompson v. Drug Enforcement Admin., 492 F.3d 428, 436 (D.C. Cir. 2007). The Court takes judicial notice of the dismissal in Plaintiff's appellate case, East v. Hoops, No. 10-56258, and upon examination finds it counts as a strike under Section 1915(g). The appellate court found in its order dated October 12, 2010 that the appeal was frivolous and denied Plaintiff's motion to proceed in forma pauperis. Plaintiff then

---

[2] A court "may take [judicial] notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." U .S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992) (internal citations and quotations omitted).

[3] A prisoner's duplicative claims are considered frivolous if the claims "merely repeat pending or previously litigated claims." See Cato v. United States, 70 F.3d 1103, 1105 n. 2 (9th Cir. 1995) (quoting Bailey v. Johnson, 846 F.2d 1019, 1021 (5th Cir. 1988)).

failed to timely submit payment of the filing fee and on November 5, 2010 the appellate court dismissed the case for failure to prosecute.[4]

Plaintiff, who has three or more strikes, became subject to Section 1915(g) well before he filed this action. Therefore, the Court finds that Plaintiff should be precluded from proceeding in forma pauperis unless he was, at the time the Complaint was filed, under imminent danger of serious physical injury.

### III.    IMMINENT DANGER

The Court has reviewed Plaintiff's Complaint and, based on the allegations therein, finds that Plaintiff does not meet the imminent danger exception. Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007). "[T]he [imminent danger] exception applies if the complaint makes a plausible allegation that the prisoner faced an "imminent danger of serious physical injury at the time of filing." Andrews, 493 F.3d at 1055. The Ninth Circuit has found that "requiring a prisoner to 'allege [ ] an ongoing danger' ... is the most sensible way to interpret the imminency requirement." Id. (quoting Ashley v. Dilworth, 147 F.3d 715, 717 (8th Cir. 1998). To meet his burden under Section 1915(g), the inmate must provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003). "Vague or conclusory allegations of harm are insufficient." White v. Colorado, 157 F.3d 1226, 1231-32 (10th Cir. 1998).

---

[4] Generally, a dismissal for failure to prosecute does not fall within the plain language of Section 1915(g). However, a court is to carefully evaluate the substance of the dismissal and where the merits of the claim have been determined to be frivolous or malicious, it may constitute as a strike. See Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2005); see also O'Neal v. Price, 531 F.3d 1146, 1152-53 (9th Cir. 2008) (interpreting the term "dismissed" under Section 1915(g) to include termination by the court following denial of in forma pauperis status on ground that complaint is frivolous.)

Plaintiff complains that on November 10, 2009 he chipped a tooth; that the tooth is painful on contact with hot and cold water; and that Plaintiff is being denied medical treatment because he has no money in his prison trust account. (Compl., p. 7, ECF No. 1) While a tooth that is sensitive to hot/cold liquids may well be uncomfortable, such a condition does not constitute an "imminent danger." Plaintiff concedes he was examined by Dr. Hagger several months after the tooth was chipped and was scheduled for dental treatment in due course. (Compl. at 11-12.) There is no evidence of swelling, infection or bleeding. There is no evidence that tooth pain required medication. It does not appear that the chipped tooth significantly interfered with meals or Plaintiff's daily activities. There is no indication that any delay in treatment negatively impacted Plaintiff's treatment a or prognosis. Compare McAlphin v. Toney, 281 F.3d 709 (8th Cir. 2002) (where the court found imminent danger based upon allegations "that five [tooth] extractions [had] already occurred [and plaintiff] further allege[d] that two extractions originally scheduled [had] not occurred, and that plaintiff [was] in imminent danger of serious physical injury because of spreading infection in his mouth.") Plaintiff's chipped tooth did not constitute an imminent danger at the time of filing the Complaint.

Plaintiff appears also to allege, but does not factually support, a claim that Defendant interfered with an unspecified dental treatment ordered by the doctor on October 6, 2009, causing an unidentified "adverse affect" on Plaintiff (Compl. at 50.) This allegation as to events prior to the time Plaintiff chipped his tooth do not constitute an imminent danger at the time of filing the Complaint.

## IV.   CONCLUSIONS AND ORDER

Plaintiff, who has three or more strikes, became subject to Section 1915(g) well before he

filed this action and has not demonstrated he was in imminent danger of serious physical harm.

The Court finds that Plaintiff is precluded from proceeding in forma pauperis. Plaintiff's in forma pauperis status shall be revoked. He shall be given thirty days to pay the full filing fee.[5] If he fails to pay the filing fee within that time, his case will be dismissed.

It is HEREBY ORDERED THAT:

1. Plaintiff's in forma pauperis status is revoked. (ECF No. 4.)

2. Plaintiff be required to pay the $ 350.00 filing fee in full within thirty (30) days from entry of this order.

3. Failure to timely pay the full filing fee within thirty days will result in dismissal of the action without prejudice; such a dismissal shall be subject to the "three strikes" provision set forth in 28 U.S.C. § 1915(g). Silva v. Di Vittorio 658 F.3d 1090 (9th Cir. 2011).

IT IS SO ORDERED.

Dated:   December 12, 2011           /s/ Lawrence J. O'Neill
                                  UNITED STATES DISTRICT JUDGE

---

[5] See Patton v. Jefferson Corr. Center, 136 F.3d 458, 461 (5th Cir. 1998); Taylor v. U.S. Court of Appeals, No. C 09-05999 2010 U.S. Dist. WL 2903073, at *2 (N.D.Cal. July 23, 2010).