1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

EBONE LEROY EAST,                          CASE NO. 1:10-CV-02174-LJO-MJS (PC)

                    Plaintiff,             ORDER TO SHOW CAUSE WHY CASE
                                           SHOULD NOT BE DISMISSED FOR
        v.                                 FAILURE TO PAY FILING FEE

M TIGERT,                                  (EFC NO. 9)

                    Defendant.             PLAINTIFF MUST PAY FILING FEE BY
                                           APRIL 2, 2012
_____/

        Plaintiff Ebone LeRoy East ("Plaintiff"), a state prisoner proceeding pro se and in

forma pauperis filed this civil rights action on November 22, 2010 pursuant to 42 U.S.C.

§ 1983. (ECF No. 1.) Plaintiff declined Magistrate Judge jurisdiction. (ECF No. 5.)

        Plaintiff's in forma pauperis status was revoked by the Court on December 12,

2011 and Plaintiff was ordered to pay the $350 filing fee by not later than January 11,

2012. (ECF No. 9.)  Plaintiff was advised that a failure to timely pay the full filing fee

would result in dismissal of this action without prejudice. (Id.) January 11, 2012 has

-1-

1  passed without Plaintiff having paid the $350 filing fee.

2
3         Local Rule 110 provides that "failure of counsel or of a party to comply with these

4  Rules or with any order of the Court may be grounds for imposition by the Court of any

5  and all sanctions . . . within the inherent power of the Court." District courts have the

6  inherent power to control their dockets and "in the exercise of that power, they may

7  impose sanctions including, where appropriate . . . dismissal of a case." <u>Thompson v.</u>

8  <u>Housing Auth.</u>, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based

9  on a party's failure to prosecute an action, failure to obey a court order, or failure to

10  comply with local rules. <u>See e.g.</u>, <u>Ghazali v. Moran</u>, 46 F.3d 52, 53-54 (9th Cir. 1995)

11  (dismissal for noncompliance with local rule); <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258,

12  1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring

13  amendment of complaint); <u>Henderson v. Duncan</u>, 779 F.2d 1421, 1424 (9th Cir. 1986)

14
15  (dismissal for lack of prosecution and failure to comply with local rules).

16         Accordingly, not later than April 2, 2012, Plaintiff shall either pay the $350 filing

17  fee or show cause as to why his case should not be dismissed for failure to comply with

18
19  a court order.

20         **Plaintiff is hereby on notice that failure to meet this deadline will result in a**

21  **the immediate dismissal of this action.**

22

23

24

25

26  IT IS SO ORDERED.

27
                                      -2-

1   Dated:     March 19, 2012                        /s/ Lawrence J. O'Neill
2                                         UNITED STATES DISTRICT JUDGE
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27