UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EBONE LEROY EAST,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>M. TIGERT,<br><br>　　　　　　Defendant.<br>_____ / | CASE NO. 1:10-CV-02174-LJO-MJS (PC)<br><br>ORDER DISMISSING ACTION FOR FAILURE TO PAY FILING FEE AND FAILURE TO COMPLY WITH COURT ORDER<br><br>(ECF NOS. 9, 10)<br><br>CLERK TO CLOSE FILE |

　　　Plaintiff Ebone LeRoy East is a state prisoner proceeding pro se in this civil rights action filed on November 22, 2010 pursuant to 42 U.S.C. § 1983. (ECF No. 1.)

　　　Plaintiff's in forma pauperis status was revoked by the Court on December 12, 2011 and he was ordered to pay the $350 filing fee by not later than January 11, 2012. (ECF No. 9.) He was advised that a failure to timely pay the filing fee would result in dismissal of this action. (Id.) He failed to pay the filing fee by the January 11, 2012

-1-

deadline.

The Court issued an Order to Show Cause on March 19, 2012 requiring that by not later than April 2, 2012, Plaintiff either pay the $350 filing fee or show cause as to why his case should not be dismissed for failure to comply with the Court's order. (Order to Show Cause, ECF No. 10.) He failed to pay the filing fee or otherwise respond to the Order to Show Cause by the April 2, 2012 deadline.

Local Rule 110 provides that "failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation, (2) the court's need to manage its docket, (3) the risk of prejudice to the defendants, (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic

alternatives. Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24; Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987); Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

In the instant case, the Court finds that the public's interest in expeditiously resolving litigation and the Court's interest in managing its docket weigh in favor of dismissal. In these respects, the Court simply can not, and should not, indulge this Plaintiff's blatant disregard of its orders. The Court has a vast caseload before it. The third factor, risk of prejudice to the Defendant, also weighs in favor of dismissal, since a presumption of injury arises from delay in resolving an action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein.

Given Plaintiff's non-responsiveness to the Court's earlier orders and his pro se status, "less drastic alternatives" other than those taken to date (i.e., repeated orders to comply) do not exist and the ultimate sanction of dismissal is warranted. Malone, 833 at 132-33.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's action be dismissed without prejudice for failure to pay the filing fee and failure to comply with a court order,

2. The Clerk shall close the case.

IT IS SO ORDERED.

**Dated:    April 26, 2012**                     /s/ Lawrence J. O'Neill
                                                 UNITED STATES DISTRICT JUDGE